**Charles KVERAGAS, et ux.**

v.

**SCOTTISH INNS, INC., Tzu-Chi Hsu, Hsu Enterprises, Inc.**

**Civ. No. 3–82–609.**

United States District Court,
E.D. Tennessee, N.D.

Jan. 5, 1983.

Laurence M. Kelly, Montrose, Pa., Steve Oberman, Zane Daniel, Knoxville, Tenn., for plaintiffs.

Robert A. Crawford, Knoxville, Tenn., for defendants.

MEMORANDUM

WINNER, District Judge, Sitting by Designation.

The amended complaint asserts jurisdiction under 28 U.S.C. § 1332(a). Capsulized, the complaint says that plaintiffs were guests in a motel owned and operated by

defendants, and that while they were guests, their room was broken into, Charles Kveragas was assaulted and shot, and his wife, Esther Kveragas, suffered emotional distress. The format of the complaint is a bit unusual under the Federal Rules of Civil Procedure in that one part of it charges "negligence" and the other claims a right to recover under the theory of "assumpsit." Counsel are from Pennsylvania, and I guess that in the Pennsylvania state courts forms of action still exist, but forms of action were abolished in the federal courts in 1937. Be that as it may, the amended complaint does charge "negligence" and a right to recover in "assumpsit" and, having done so, Count I asks for damages in behalf of the male plaintiff for the alleged acts of negligence and for the alleged right to recover in assumpsit. Count II asks recovery for the wife on negligence grounds only.

A motion to separately state and number would be challenging insofar as the husband's claims are concerned, but no such motion has been filed. Instead, defendants have filed various motions to dismiss and for a more definite statement. One motion is a sort of hybrid motion to dismiss or for summary judgment because it is claimed that one or more defendants have no interest in the motel where the alleged robbery took place.

■ Treated as a motion to dismiss, that motion must be denied because the complaint says that all defendants have an ownership interest. Treated as a motion for summary judgment, the motion must be denied because there is a genuine issue of material fact as to the ownership question. Denial of the motion at this time is without prejudice to the right of defendants to refile it after full opportunity for discovery has been afforded.

Contemporaneously with the demise of forms of action, "notice pleading" came into being, and motions for a more definite statement became the exception rather than the rule. However, they still exist, and I think that in this case the motion should be granted to a limited degree. Something called "Plaintiffs' Compliance With Defendants' Request for a More Definite Statement" has been filed. It was seemingly filed pursuant to a telephone conversation between counsel. I haven't the slightest idea how this paper comes within the limited pleadings permitted by Rules 7 and 12, but I shall accept it at its face value.

■ I think that the amended complaint and the "Compliance" which I deem to be an amendment to the amended complaint, advises defendants of everything they need to know to frame a responsive pleading except I don't see how defendants can plead to the accusation that they disobeyed "the provisions of the applicable Statute of the State of Tennessee." Defendants are entitled to know what statute they supposedly violated. Defendants can't tell whether plaintiffs are talking about a civil or criminal statute. They don't know if plaintiffs have some statute in mind they are going to argue creates a presumption of liability on defendants' part. If plaintiffs are going to claim defendants are liable under some statutory provision, defendants must surely be told now—not in later discovery—the accusation they are defending against.

Defendants can plead to the general averment of negligence and I am sure that they understand that the "assumpsit" claim is an assertion that they violated an express and implied agreement on the part of an innkeeper to provide safe lodging. Undoubtedly, there are parts of this claim which will need honing, but this can be accomplished by the discovery procedures.

In summary, then, all motions are denied [without prejudice to renewing summary judgment motions later] except defendants' motion for a more definite statement as to the Tennessee statutes relied on by plaintiffs. Plaintiffs shall have 20 days from the date of this memorandum within which to file a more definite statement enumerating all statutes relied on by plaintiffs supporting their claim that defendants violated statutory requirements of the State of Tennessee. Defendants shall have 20 days after the filing of the more definite statement within which to answer.

Order Accordingly.